UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                  No. CR 05-0547 PJH

    v.                                      **ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE**

DUKE DESHAWN WOODS,

    Defendant.

_____/

On November 14, 2011, defendant filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to the Fair Sentencing Act and the June 30, 2011 amendment to United States Sentencing Guideline § 1B1.10. On July 6, 2012, defendant's counsel filed a supplemental memorandum in support of his motion. On July 23, 2012, the government filed an opposition, and the defendant filed a reply on July 30, 2012.

The motion concerns defendant's eligibility for a sentence reduction under the Fair Sentencing Act of 2010. The court issues this order to resolve a factual dispute among the parties regarding its February 13, 2008 sentencing of Woods.[1] The government and the United States Probation Office assert that the court sentenced Woods as a career offender, and that as such, Woods is ineligible for a sentence reduction. Woods counters that he was not in fact sentenced as a career offender.

---

[1] The court notes that neither government counsel nor defense counsel were counsel of record at the time of the February 13, 2008 hearing.

Having reviewed its notes and the record, the court resolves the factual dispute as follows. The parties do not dispute that when a defendant both qualifies as a career offender and is sentenced as a career offender, no reduction of his sentence is warranted. But as defendant agues, when a defendant qualifies as a career offender but is not sentenced pursuant to the career offender guidelines, a reduction of his sentence is not precluded. At the time of Woods' sentencing, the court found, based in part on the government's statement that it did not believe that the career offender guidelines were applicable, that while Woods' technically qualified for the career criminal enhancement, that the enhancement overstated his criminal history both because of the age and the nature of his prior convictions. Moreover, the other sentencing factors overwhelmingly militated in favor of a mitigated sentence below what was believed to be the appropriate guideline range without the career offender enhancement. Woods was <u>not</u> sentenced under the career offender guidelines and is, accordingly, eligible for a sentence reduction based on the Fair Sentencing Act. Pursuant to General Order 66, the parties shall meet and confer as soon as possible and submit a stipulation and order in accordance with the procedure utilized in other cases in which defendants are indeed eligible for the sentencing reduction under the Fair Sentencing Act.

**IT IS SO ORDERED.**

Dated: October 17, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge